**David Leon WOODS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 885 S 343.

Supreme Court of Indiana.

Aug. 13, 1990.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Arthur Thaddeus Perry, Deputy Attys. Gen., Indianapolis, for appellee.

PETITION FOR REHEARING

DeBRULER, Justice.

This Court affirmed appellant's convictions for the murder and robbery of an elderly Hispanic man, Juan Placencia, at his apartment in Garrett, Indiana. *Woods v. State* (1989), Ind., 547 N.E.2d 772. The imposition of the penalty of death was affirmed as well. Appellant Woods has filed his petition for rehearing. A motion for oral argument accompanying the petition for rehearing was granted, and argument heard by the Court. All issues raised in this petition are resolved against him. The petition to rehear the case is, however, granted for the purpose of rendering a decision upon a claim previously undetected by this Court in the initial consideration of the appeal, namely, that the sentence of death should be set aside because of an arbitrariness in the Eighth Amendment sense in its rendition.

During the summation at the conclusion of the sentencing hearing before the jury, for the purpose of persuading the jury to recommend the sentence of death to the judge, the trial prosecutor made express mention of the physical frailty of the victim and the victim's family's grief, and also stated that appellant Woods had deprived the victim's family of the victim's company, that Woods was an executioner who deserved no more than what he gave his victim, and that the victim, before being killed by Woods, had not been given all the due process rights and benefits of a jury which appellant Woods had received. The statements made were intended to arouse feelings of sympathy for the victim and his family. They included the following:

"You can see that Juan Placencia gets a fair trial here folks."

"Last Christmas ... Juan's children and grandchildren couldn't meet with him and celebrate Christmas...."

"[Appellant] robbed ... [the victim's] children and his grandchildren of their father and grandfather...."

"Your decision ... will indicate ... whose life ... you value more, Juan Placencia's or the defendant's[.]"

There was no objection at trial or at the sentencing hearing to the evidence which tended to establish the factual premises of these remarks, nor were there objections to the remarks themselves.

In *Booth v. Maryland,* 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), the United States Supreme Court held that it was constitutionally impermissible to allow a sentencing jury in a capital case to consider a victim impact statement. The statement at issue there described a severe emotional impact of the crimes on the family and the personal characteristics of the victim. It also included opinions and characterizations by family members of the crimes and the defendant. In *South Carolina v. Gathers,* —— U.S. ——, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989), a sentencing jury in a capital case was allowed to hear the prosecutor read at length from a religious tract and comment on the personal qualities of the victim which he inferred from the victim's possession of the tract and a voter registration card. The victim had been killed in a street mugging, and the defendant would have been unaware of these matters. The gravamen of the successful claims in these two cases was that the challenged matter was not information relevant to the moral culpability of the defendant; i.e., it did not tend to show the circumstances of the crime or the personal characteristics of the defendant.

Assuming without deciding, that *Booth* and *Gathers* applied here and were properly invoked, there is no constitutional violation. The evidence was such that the jury could reasonably have inferred that appellant was well acquainted with the victim and knew of the victim's physical impairment and the extent and closeness of the victim's family. Appellant's mother had worked for the victim, and he had been fond of her. They lived close together in a small town. Appellant knew the victim's circumstances, his work, and his personal characteristics. Indeed, the evidence permits the inference that when appellant went to the victim's apartment to carry out the plan to rob, he knew that if he knocked on the door, identified himself, and asked to use the phone, the victim would respond positively by opening the door. Appellant knew that if he did not kill Placencia, Placencia would identify him as an assailant. It cannot be concluded therefore that the summation of the prosecutor was not based upon matters not relevant to circumstances of the appellant's crime or his personal characteristics.

Petition for Rehearing is granted, and we affirm the convictions and the sentence of death.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.