**Kevin Lee HOUGH, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 02S00–9305–PD–497.

Supreme Court of Indiana.

Dec. 30, 1997.

Rehearing Denied April 30, 1998.

Kevin L. Likes, Likes & Associates, Auburn, David L. Doughten, Cleveland, for Appellant.

Pamela Carter, Attorney General, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, for Appellee.

SELBY, Justice.

Defendant Kevin Hough appeals his denial of post-conviction relief. At trial, defendant was convicted of two counts of murder and sentenced to death. On direct appeal, we affirmed the convictions and sentence. *Hough v. State*, 560 N.E.2d 511 (Ind.1990).

Defendant sought postconviction relief. The post-conviction court granted the State's motion for summary judgment and denied defendant post-conviction relief.

Defendant raises six issues on this appeal: 1) Did defendant receive ineffective assistance of trial and appellate counsel? 2) Did the post-conviction court err in failing to grant an evidentiary hearing? 3) Did the trial court fail to consider relevant mitigating evidence? 4) Was defendant deprived of a fair trial due to erroneous jury instructions? 5) Did the alleged errors at trial act cumulatively to deny defendant a fair trial? 6) Is Indiana's death penalty statute unconstitutional? We answer all six of defendant's arguments in the negative and affirm the post-conviction court.

The facts of this case can be found in our opinion from defendant's direct appeal. *Hough*, 560 N.E.2d at 513–14. Briefly, we will state the facts pertinent to this appeal. A jury found defendant guilty of two counts of murder. In seeking the death penalty, the State argued as aggravating circumstances that defendant murdered two people in the present case, that he murdered them while committing or attempting to commit robbery, and that he had previously been convicted of another murder. The jury recommended the death penalty. The trial court, relying upon the same aggravating factors, sentenced defendant to death.

### DISCUSSION

This case comes to us as an appeal from a grant of summary judgment by the post-conviction court. The summary judgment procedure that is available under Indiana Post–Conviction Rule 1(4)(g) is the same as under Trial Rule 56(C). *State v. Daniels*, 680 N.E.2d 829, 832 (Ind.1997). Under both rules, summary judgment should only be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Post–Conviction Rule 1(4)(g); Ind. Trial Rule 56(C). The moving party must designate evidence to prove that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Daniels*, 680 N.E.2d at 832. After such a showing,

the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. *Id.* Any doubts about the existence of a fact or the inferences to be drawn therefrom are to be resolved in favor of the nonmoving party. *Id.* A party appealing a grant of summary judgment must show the appellate court that the trial court erred. *Daniels,* 680 N.E.2d at 832. In determining whether the trial court erred, the appellate court is held to the same standard as is the trial court. *Id.*

Though it is not entirely clear,[1] defendant seems to set forth two reasons why the post-conviction court erred in granting the State's summary judgment motion. First, defendant argues that there exist genuine issues of material fact and he was entitled to an evidentiary hearing. Second, defendant argues that the post-conviction court erred in its rulings on the law. We must, therefore, determine whether the trial court correctly concluded that there were no genuine issues of material fact and that the State was entitled to judgment as a matter of law.

### I.

■ Defendant's first argument is that he received ineffective assistance of counsel, both at trial and on his direct appeal. One who pursues an ineffective assistance of counsel claim must prove both parts of the two part test as set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, one must show that his counsel acted below an objective standard of reasonableness. Second, one must show that the substandard performance was so prejudicial as to deny him a fair trial. *Potter v. State,* 684 N.E.2d 1127 (Ind.1997). To establish the "prejudice" element, one must show a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Spranger v. State,* 650 N.E.2d 1117, 1121 (Ind.1995).

### A.

■ As part of defendant's ineffective assistance of counsel claim, he contends that

his trial counsel failed to make various objections. In order to prove that failure to object rendered the representation ineffective, defendant must show that the objection would have been sustained and that he was prejudiced by the failure to object. *Potter,* 684 N.E.2d at 1132.

■ Defendant begins by arguing that his counsel failed to object when the State made repeated reference to the jury's sentencing "recommendation" and failed to object to the introduction of the trial evidence at the penalty phase. Defendant argues that the use of "recommendation" was impermissible under *Caldwell v. Mississippi,* 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), because using the word "recommendation" effectively absolved the jury of any moral responsibility in making its sentencing decision. As we have held before, it is not error to accurately describe to the jury that, under Indiana's death penalty statute, they give a sentencing recommendation to the judge, who then makes the final decision. *Lowery v. State,* 640 N.E.2d 1031, 1044 (Ind.1994). Similarly, the introduction of the trial phase evidence at the penalty phase is authorized by Ind.Code § 35–50–2–9(d) and has been approved by this Court. *See Woods v. State,* 547 N.E.2d 772, 794 (Ind.1989), *reh'g granted on other grounds* 557 N.E.2d 1325 (1990). Thus, neither objection would have been sustained.

■ Defendant further argues that his counsel's failure to object to the admission of a probable cause affidavit and a prior conviction entry rendered the representation ineffective. These pieces of evidence concerned defendant's prior murder conviction. Without citing to any authority, defendant argues that the evidence was both hearsay and irrelevant. However, the evidence was relevant to prove one of the alleged aggravators, a previous conviction for murder. Also, in light of the evidence and aggravating factors against defendant, any additional evidence contained in the affidavit and entry were not

---

1. We have done our best to decipher the numerous arguments presented in defendant's brief. However, in several instances it is difficult to ascertain what defendant's argument is and, in many instances, points of discussion are not supported by cogent argument or citation to authority.

prejudicial. *See Maisonet v. State,* 448 N.E.2d 1052, 1055–56 (Ind.1983).

▪ Defendant also argues that he received ineffective assistance because his counsel failed to object to improper closing arguments by the State. In order to show prejudice from prosecutorial misconduct, one must show first, that there was misconduct by the prosecutor and second, that the misconduct placed the defendant in grave peril. *Lowery,* 640 N.E.2d at 1038. Grave peril is "measured by the probable persuasive effect of any misconduct on the jury's decision and whether there were repeated instances of misconduct which would evidence a deliberate attempt to improperly prejudice the defendant." *Id.* (citing *Smith v. State,* 516 N.E.2d 1055, 1063 (Ind.1987)). To support this claim, defendant directs us to statements made by the prosecutor concerning 1) defendant as a sociopath, 2) defendant as a bad element who has committed crimes, carried guns, and ferried drugs, 3) the future dangerousness of defendant, 4) defendant's lack of remorse, and 5) the depreciation of the seriousness of the crimes if the jury did not recommend death.[2] The State concedes that several of these remarks were objectionable, and we agree. It is unfortunate that the State, armed with the evidence and the aggravating circumstances that it had, still resorted to potentially inflammatory statements. However, in the context of this trial we do not believe that defendant was placed in grave peril because, even without these remarks, the jury was still confronted with three substantial aggravating factors. *See Lowery,* 640 N.E.2d at 1038–39.

▪ Defendant further argues, again without citation, that counsel failed to object when the court read to the jury the entire list of statutory mitigating circumstances. Defendant contends that this caused the jury to treat the existence of non-pertinent mitigators as an aggravating factor. We fail to see what is objectionable, at least as presented in this case, with telling the jury that it can consider any number of factors as miti-

gating. *See Miller v. State,* 623 N.E.2d 403, 410 (Ind.1993).

▪ Defendant next argues that counsel failed to object to victim impact evidence and to the probation department's recommendation of death. In defendant's direct appeal, we held that the introduction of the victim impact evidence was not reversible error. *Hough,* 560 N.E.2d at 514–15. In so holding, we noted that the evidence consisted mostly of brief and unemotional recommendations read only by the judge and that there is no evidence that the judge considered the evidence in making his sentencing determination. *Hough,* 560 N.E.2d at 515. For the same reasons, we hold that the recommendation by the probation department did not prejudice the defendant.

▪ Defendant argues, again without legal citation, that he was prejudiced by his counsel's failure to object to the manner in which one of the aggravating circumstances was presented to the jury. One of the aggravating circumstances alleged by the State was that defendant had previously been convicted of a different murder. When reading this aggravator, the court informed the jury that defendant had been found guilty of both murder and felony murder in that previous trial. However, the court specified that this constituted just one aggravating circumstance. Thus, there was no prejudice as conviction for a previous murder is a valid death penalty statute aggravating circumstance. *See Woods v. State,* 547 N.E.2d at 794; Ind.Code § 35–50–2–9(b)(7).

▪ In defendant's final argument concerning counsel's failure to object, he challenges, again without legal citation, some evidence which was admitted without an objection. Defendant argues that he was prejudiced because the evidence (such as his juvenile record and facts concerning the prior murder conviction) added non-statutory aggravating factors to the jury's consideration. However, the jury was instructed to consider only the three alleged aggravating

---

**2.** Defendant also argues that the State informed the jury that the non-existence of a mitigating factor was an aggravating factor. However, what actually occurred was that the State told the jury that, as part of the jury's sentencing obligation, it would have to determine whether or not mitigating circumstances exist. Then, the State professed its belief that none existed.

circumstances. Furthermore, there is no indication that this evidence amounted to any prejudice as the jury was presented with evidence of three aggravating circumstances, and we do not believe defendant has shown a reasonable probability that the outcome would have been different absent these pieces of evidence.

## B.

Defendant also contends that his trial counsel was ineffective for failing to procure a psychologist for the penalty phase. Defendant concedes that "a great deal of social history was introduced during the trial." (Brief of Def. at 26.) He argues, however, that "this evidence was meaningless for the purposes of mitigation without the psychologist to explain the importance of the evidence." (Brief of Def. at 26.) He concludes, therefore, that he was prejudiced by his counsel's failure.

■ Prejudice is one component of a claim of ineffective assistance, but defendant is also required to show that his counsel acted deficiently. On defendant's direct appeal, this Court noted that defendant's counsel asked the trial court to appoint a "psychologist for developing a complete psychological profile of Hough to assist counsel in developing and presenting a defense at *both the evidentiary and penal phase of the proceedings.*" *Hough,* 560 N.E.2d at 515 (emphasis added). On direct appeal, we held that the trial court did not abuse its discretion by denying the request for a psychologist because the request appeared to be exploratory only. *Hough,* 560 N.E.2d at 516. Even assuming that this issue is not *res judicata* and that counsel might somehow have been successful in seeking a psychologist to testify, defendant can show no prejudice as his anti-social personality disorder and abusive family background, even if explained by an expert, are not necessarily entitled to mitigating weight. *See Lowery v. State,* 547 N.E.2d 1046, 1059 (Ind.1989); *Fleenor v. State,* 514 N.E.2d 80, 89 (Ind. 1987). Defendant's counsel submitted a good deal of evidence concerning defendant's difficult childhood during the penalty phase through witnesses ranging from family members to probation officers. Defendant has not shown a reasonable probability that, but for the absence of a psychologist, the jury would have reached a different conclusion in reference to this information.[3]

## C.

Defendant further contends that he received ineffective assistance of appellate counsel. He argues that his counsel on direct appeal failed to raise the issue of his trial counsel's deficiency, as discussed above. He also contends that his appellate counsel failed to raise other issues, such as the constitutionality of the death penalty, as will be discussed below. None of defendant's claims have any merit.

The post-conviction court did not commit error by granting summary judgment on defendant's ineffective assistance of counsel claims.

## II.

Next defendant argues that a genuine issue of material fact exists with regard to his trial attorney's failure to procure a psychologist. Defendant offers a psychologist's affidavit as the evidence which would have been elicited had his attorney procured a psychologist for trial and argues that a hearing is necessary to determine whether the trial counsel's failure to have a psychologist resulted in ineffective assistance. The State, on post-conviction, admitted the evidence in the affidavit in full.

■ Effective representation of counsel is a mixed question of fact and law. *Strick-*

3. Defendant incorrectly likens his situation to that in *Averhart v. State,* 614 N.E.2d 924 (Ind. 1993) and *Evans v. State,* 598 N.E.2d 516 (Ind. 1992). In *Averhart,* trial counsel did no investigation of mitigating evidence and only had defendant and his mother as witnesses. *Averhart.* 614 N.E.2d at 930. As a result, evidence such as extreme disadvantage and worthy habits and ac-

complishments was neglected. *Id.* In *Evans,* this Court held that the trial court erred in failing to give mitigating weight to a psychiatric disorder "because of its long-standing existence, its limitation upon functioning, and its well documented existence." *Evans,* 598 N.E.2d at 519. Defendant's situation is unlike either *Averhart* or *Evans.*

*land v. Washington,* 466 U.S. at 698, 104 S.Ct. at 2070; *State v. Van Cleave,* 674 N.E.2d 1293, 1296 (Ind.1996), *reh'g granted in part on other grounds* 681 N.E.2d 181 (Ind.1997), *petition for cert. filed* (U.S. Oct. 24, 1997) (No. 97–6669). As such, the granting of summary judgment without any evidentiary hearing is a bit unusual. *See* 24 C.J.S. Criminal Law § 1633(b). Typically, an evidentiary hearing is required to develop all of the facts relevant to the claim, as an ineffective assistance of counsel claim revolves around the unique facts of that case and many of those facts may exist outside of the record. *See Sherwood v. State,* 453 N.E.2d 187, 189 (Ind.1983); *Foster v. State,* 395 N.W.2d 637, 638 (Iowa 1986). However, if the State accepts as true all of a defendant's factual allegations, then an evidentiary hearing may not be necessary. *See Sherwood,* 453 N.E.2d at 189. In the present case and as pertains to the issue raised by defendant, the State agreed to what facts would have been elicited had a psychologist been procured, and defendant has not raised any additional factual issues of dispute. Therefore, the only inquiry remaining is one of law, that is, whether the evidence in the affidavit would have made a difference. The trial court's failure to hold an evidentiary hearing on this issue was not error.

### III.

Defendant's third argument is that the trial court committed constitutional error by not considering all of the relevant mitigating factors. Defendant contends that the trial court's sentencing statement shows only that it considered the Pre–Sentence Investigation Report, while there is no evidence that the court considered the evidence adduced at the sentencing hearing. Defendant points to evidence such as a dysfunctional family life, the emotional and physical abuse he suffered as a child, and his alcohol and drug abuse. Defendant argues that, under *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), the death sentence should be invalidated because the court failed to consider all relevant mitigating circumstances. We note that this argument was available on direct appeal. Therefore, defendant has waived this issue. *Weatherford v.*

*State,* 619 N.E.2d 915 (Ind.1993). However, because this issue interrelates with defendant's ineffective assistance of appellate counsel claim, we will address it.

*Penry* does not stand for the assertion which defendant makes. *Penry* held that it was unconstitutional for a court not to instruct a jury that it could consider and give effect to mitigating evidence in making its sentencing determination. *Penry,* 492 U.S. at 328, 109 S.Ct. at 2951–52. In the present case, the jury was read the statutory list of mitigating factors in its entirety and instructed that it could consider all evidence introduced at trial and at the sentencing hearing in making its sentencing recommendation. There was no *Penry* violation. *See Miller v. State,* 623 N.E.2d at 411.

■ What defendant is arguing is that the trial court failed to consider relevant mitigating circumstances. First, defendant argues that the court failed to consider, as mitigating, his dysfunctional childhood. Defendant is correct that this type of circumstance can be accorded mitigating weight. However, a trial court is not required to find it to be mitigating. *See Lowery v. State,* 547 N.E.2d at 1059. Defendant next argues that the court failed to consider his alcohol and drug use, even though this evidence was in the Pre–Sentence Investigation Report. Again, a trial court is not required to find that this mitigating circumstance has significant, or any, weight. *See Fleenor v. State,* 514 N.E.2d at 88–89. Evidence of defendant's dysfunctional childhood and family was presented during the penalty phase. Evidence of his drug abuse was presented in the Pre–Sentence Investigation Report. As noted by Justices DeBruler and Dickson in the direct appeal, the trial court did not clearly articulate its consideration of mitigating circumstances. *Hough,* 560 N.E.2d at 521 (DeBruler, J., concurring in result and dissenting) (Dickson, J., concurring and dissenting). However, the trial court did clearly conclude that the "aggravating circumstances outweighed any mitigating circumstances that exist." (R. at 411–12.) It appears, therefore, that the court considered all mitigators presented but found that they were outweighed by the aggravators. *See*

*Fleenor,* 514 N.E.2d at 89. Furthermore, on direct appeal this Court considered the trial court's evaluation of aggravators and mitigators and found the sentence to be appropriate. *Hough,* 560 N.E.2d at 519.

The post-conviction court was correct in ruling, as a matter of law, that the trial court did not commit constitutional error.

### IV.

Defendant next argues that the trial court gave erroneous jury instructions which violated his constitutional rights. Defendant recites a portion of the sentencing phase jury instruction, followed by numerous objections. We note that each of these arguments was available on direct appeal, but none were argued; as such they are waived. *Weatherford,* 619 N.E.2d at 916. Also, we note that, for the most part, the arguments presented in this section of defendant's brief lack either legal citation or cogent argument, and often lack both; as such they are waived. *See Marshall v. State,* 621 N.E.2d 308, 318 (Ind. 1993). However, because this interrelates with defendant's ineffective assistance of trial and appellate counsel claim, we will address this issue on its merits.

Defendant contends that the court improperly instructed the jury that the jury's sentencing decision was merely a recommendation. The court instructed the jury that, "The Court is not bound by your recommendation." (R. at 1346.) This, defendant argues, is erroneous under *Caldwell v. Mississippi,* 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). Unlike in *Caldwell,* and as stated earlier in this opinion, the trial court's instructions in no way implied to the jury that it could ignore its moral responsibility during sentencing because any mistakes would be reviewed on appeal. Instead, the instruction informed the jury of the law and was not error. *See Lowery v. State,* 640 N.E.2d at 1044.

Defendant next contends that the instructions misled the jury concerning their consideration of mitigating circumstances. Defendant argues that the court erroneously led the jury to believe that defendant had the burden to prove, beyond a reasonable doubt, the existence of mitigating circumstances and that the jury had to unanimously find that defendant had met this burden before the jury could consider a circumstance as mitigating. As noted by defendant, if his allegations are true, then the instruction would be unconstitutional under *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988). The instructions did not mislead the jury. The court instructed the jury that, "If the State failed to prove beyond a reasonable doubt the existence of at least one aggravating circumstance or if you find that any mitigating circumstances outweigh the aggravating circumstances, you should not recommend the death penalty." (R. at 1346.) This portion of the instructions simply paraphrased the statute as it existed at the time. *See* Ind.Code § 35–50–2–9(e) (1985 Supp.). We have previously found constitutional challenges to this section to be without merit. *See Harrison v. State,* 644 N.E.2d 1243, 1259 (Ind.1995); *Miller,* 623 N.E.2d at 409.

Defendant further contends that the court failed to properly instruct the jury on how they should weigh the aggravating and mitigating circumstances. As noted above, the court paraphrased the statute and instructed the jury that, before they could recommend the death penalty, they must find, beyond a reasonable doubt, that the State proved at least one aggravating circumstance and that such aggravating circumstance outweighed any mitigating circumstances. We have previously held that the statute provides sufficient guidance to a sentencer. *See Fleenor v. State,* 514 N.E.2d at 91. Therefore, the trial court did not commit error.

Defendant also contends that the court erred because it informed the jury that its recommendation for a life sentence must be unanimous. The court instructed the jury that it may give a recommendation when "you have reached a unanimous agreement as to your recommendation." (R. at 1350.) The court did not err because a jury may only give a recommendation if it reaches a unanimous decision; otherwise, the court discharges the jury and proceeds on its own. *See Holmes v. State,* 671 N.E.2d 841, 851 (Ind.1996), *cert. denied* — U.S. —, 118

S.Ct. 137, 139 L.Ed.2d 85 (1997); Ind.Code § 35–50–2–9(f).

Finally, defendant contends that the court erred by reading the entire list of the statutory mitigating factors to the jury. Defendant argues that this prejudiced him because the jury would treat as aggravating any mitigator not proven by defendant. We disposed of this argument earlier under defendant's ineffective assistance claim.

The post-conviction court did not err in granting summary judgment on this issue.

### V.

Defendant next argues that the errors he has alleged act, either individually or cumulatively, to deprive him of several United States and Indiana Constitutional rights. It is unclear whether defendant is referring to the cumulative effect of his attorneys' errors, of the trial court's errors, or both. With reference to trial court error, when there are no individual errors, there can be no reversible cumulative error. *See Reaves v. State,* 586 N.E.2d 847, 858 (Ind.1992). With reference to cumulative attorney error, as with any ineffective assistance of counsel claim, defendant must show both poor performance and prejudice. *See Siglar v. State,* 541 N.E.2d 944, 948 (Ind.1989). If trial counsel committed any errors, they do not amount to prejudice because defendant has not shown a reasonable possibility that, but for the alleged errors, the result would have been different. The post-conviction court correctly ruled on this issue.

### VI.

█ Defendant's final argument is that Indiana's death penalty statute is unconstitutional on its face and as applied to him. Defendant raises various arguments, most of which have previously been disposed of by this Court, in an attempt to show that our death penalty statute is unconstitutional. We note that the issue is waived because it was available but not argued on direct appeal. *Weatherford,* 619 N.E.2d at 917. We also note that, for the most part, defendant fails to present a cogent argument or cite to any legal authority to support his arguments and, therefore, he waives those arguments.

*See Marshall,* 621 N.E.2d at 318. However, we will address this issue on its merits because of the ineffective assistance of trial and appellate counsel claims.

█ First, defendant attacks the constitutionality of the death penalty statute's system of aggravating and mitigating factors. All of defendant's arguments have previously been considered and denied by this Court. *See Bivins v. State,* 642 N.E.2d 928 (Ind.1994), *cert. denied* 516 U.S. 1077, 116 S.Ct. 783, 133 L.Ed.2d 734 (1996); *Miller v. State,* 623 N.E.2d 403 (Ind.1993). For example, defendant argues that the statute fails to guide the sentencer on the burden of proof for presenting mitigating circumstances and, instead, shifts the burden to the defendant to prove relevant mitigators and disprove irrelevant mitigators. We have previously found, and still find, no merit in this argument. *Miller,* 623 N.E.2d at 409–10. Also, defendant argues that the statute is unconstitutionally vague as to which party has the burden of proof on whether the aggravating circumstances outweigh the mitigating circumstances and as to what standard of proof the sentencer should use to make this determination. We rejected this argument in *Bivins,* noting that this is a weighing process and not a "fact" to be proven. *Bivins,* 642 N.E.2d at 946; *see Miller,* 623 N.E.2d at 408–09. Defendant further argues that the statute is unconstitutionally ambiguous as to whether the jury can only consider mitigating factors that it finds unanimously and, thus, is in violation of *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988). As we held in *Bivins,* "Indiana procedure provides for jury consideration of any mitigating factor, enumerated or not, without reference to unanimity. Thus, the Indiana procedure does not run afoul of *Mills.*" *Bivins,* 642 N.E.2d at 947. Defendant also argues that the statute provides too little weight to non-statutory mitigating factors because they are all confined to one mitigating factor (the "catchall" mitigator of Indiana Code Section 35–50–2–9(c)(8)). Again, we ruled against this argument in *Bivins. Id.* at 947. Finally, defendant argues that the statute unconstitutionally restrains the jury from considering

relevant mitigating circumstances, for example, because the statute restricts the jury to consider only *"extreme* mental or emotional disturbance." Ind.Code § 35–50–2–9(c)(2) (emphasis added). We find this argument to be without merit because, as we held in *Bivins,* the catch-all mitigator in Ind.Code § 35–50–2–9(c) allows the jury to consider as mitigating any circumstances that it feels are appropriate. *Bivins,* 642 N.E.2d at 947.

■ Next, defendant attacks the constitutionality of the death penalty statute as it concerns the interplay between the judge and the jury. As with the above arguments, these arguments have previously been heard and denied, but we will address them briefly in turn. First, defendant argues that the jury is given unguided discretion in imposing a death sentence because it is the judge of the law and the facts. We find this argument unpersuasive as the jury must "determine the law under the guidance of the trial court's instructions and may not disregard the law nor arbitrarily reject the instructions of the court," *Bivins,* 642 N.E.2d at 948, and, in this case, the jury was so instructed. Next, defendant argues that the statute minimizes the jury's sense of responsibility such that its sentencing recommendation is unreliable. As we noted in *Miller,* Indiana's statute is not unconstitutional in this manner because all are fully advised that the jury provides only a sentencing recommendation and that the ultimate responsibility rests fully with the trial judge. *Miller,* 623 N.E.2d at 410–11. Defendant also argues that the statute deprives a defendant the right to a trial by jury because the judge can take the sentencing decision from the jury. In *Roche,* we found this not to be unconstitutional. *Roche v. State,* 596 N.E.2d 896, 901 (Ind.1992). Finally, defendant argues that the statute is unconstitutional in that it fails to inform the jury of the alternatives to a death sentence. We are not persuaded because the trial court is the ultimate sentencer while the jury just provides a recommendation. *See Miller,* ·623 N.E.2d at 410–11.

■ Similarly, defendant offers a two part argument concerning an alleged infringement on his constitutional right to a trial by jury. First, defendant argues that the statute is unconstitutional because it allowed the court to use, as an aggravating circumstance, an element that was not found by the jury. Defendant argues that the court considered, as aggravating, that defendant intentionally killed while committing or attempting to commit robbery, but the jury was never required to determine whether the elements of robbery existed. Second, defendant argues that aggravating factors are "factual elements" necessary to separate "capital murder" from "knowing or intentional murder" and should be decided by a jury and not the judge. We addressed a similar argument in *Burris v. State,* 642 N.E.2d 961, 967 (Ind.1994). We first note, as we did in *Burris,* that the United States Supreme Court has held that findings which authorize the imposition of the death penalty need not be made by a jury. *Id.* (citing *Walton v. Arizona,* 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990)). For the same reason, therefore, that it is constitutional for a court to discharge the jury and proceed on its own, a judge may make a determination as to the existence of aggravating circumstances. *See Roche v. State,* 596 N.E.2d at 901. And, as we noted in our opinion on defendant's direct appeal, "there was sufficient evidence from which a trier of fact could find or infer that the murders took place in the course or commission of a robbery." *Hough,* 560 N.E.2d at 518.

Next, defendant argues that the statute is unconstitutional because it does not require a neutral judicial determination of probable cause before a prosecutor can seek the death penalty. We have repeatedly held that the system by which the prosecuting attorney brings a defendant before a judge and jury on capital charges is not unconstitutional. *See Bivins,* 642 N.E.2d at 948; *Miller,* 623 N.E.2d at 412.

■ Defendant further argues that the statute is unconstitutional because it "fails to narrow the class of murders for whom the death penalty should be reserved." (Brief of Def. at 47.) While unclear, defendant is apparently arguing that, by allowing the multiple murders he was convicted of at trial to also be an aggravating circumstance, the statute fails to provide guidance as to when

the death penalty is appropriate. We rejected a very similar claim in *Baird v. State*, 604 N.E.2d 1170, 1183 (Ind.1992), noting that defendant's "death sentence rests on the multiple formations of a highly culpable 'knowing' state of mind resulting in multiple murders, a meaningful basis upon which to distinguish between those murder cases in which the death penalty may be imposed and those in which it may not." We hold the same here.

Finally, defendant argues that the statute is unconstitutional because it fails to provide for meaningful appellate review. We have dealt with this issue numerous times before and have held that Indiana's death penalty statute provides a constitutionally adequate procedure for appellate review. *See Bivins*, 642 N.E.2d at 948.

The post-conviction court was correct to grant summary judgment on this issue.

## CONCLUSION

We affirm the post-conviction court's grant of summary judgment and denial of defendant's post-conviction relief.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.