**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**DENNIS J. TURNER**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENNIS J. TURNER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 06A01-1308-PC-347 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE BOONE SUPERIOR COURT
The Honorable Matthew C. Kincaid, Judge
Cause No. 06D01-1111-PC-406

**March 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Pro-se Petitioner Dennis J. Turner ("Turner") appeals the denial of his petition for

post-conviction relief, which challenged his conviction for Burglary, as a Class B felony.[1]

We affirm.

**Issues**

Turner presents two issues for review:

I.      Whether the post-conviction court properly granted summary judgment
        to the State as opposed to Turner on claims allegedly barred by res
        judicata; and

II.     Whether the post-conviction court erroneously denied relief upon the
        claim of ineffective assistance of appellate counsel.

**Facts and Procedural History**

The relevant facts were recited by a panel of this Court on direct appeal:

Douglas Thompson and his wife, Bonnie, were friends of Turner's.  In fact,
Turner occasionally lived with the Thompsons and kept his belongings at their
home.  On September 3, 2008, Turner and Thompson were driving in
Indianapolis looking for houses to burglarize.  They stopped near Daugherty
Drive and Turner got out of the car.  They agreed that Turner would contact
Thompson by cell phone when he was ready to be picked up.

A short time later, Turner forced open the door to the sun porch of the home of
Kent and Kelly McCarthy on Daugherty Drive, smashed a large interior glass
door, and entered the home.  Turner removed items from the home including
sapphire and diamond earrings, gold earrings, a wood-cross necklace with a
heart-shaped ivory inlay, two laptops, several computer-related devices, and an
expensive Kensington brand computer bag.  Turner left the home with these
items and, while walking through an adjacent wooded area, called Thompson
and asked to be picked up.  The two maintained cell-phone contact until they
met near South Michigan Road/Highway 421, where Turner got into
Thompson's car and they returned to the Thompsons' home.  Once there, they

---

[1] Ind. Code § 35-43-2-1.

looked over the items taken from the McCarthys' home. Thompson and Turner later traded one of the stolen computers for drugs.

Meanwhile, at about 2:15 p.m. that day, the McCarthys arrived home and discovered their home had been burglarized. Kent McCarthy notified authorities. Kent McCarthy noted that the back-yard gate to his yard was open. He told investigators of this and informed them that they never left the gate open. Investigators walked through the woods behind the McCarthys' property, following a path of disturbed vegetation through the woods, over a creek, and exiting approximately where Thompson later claimed he had picked up Turner.

Turner became a person of interest in the McCarthy burglary in November 2008. When the investigators learned of Turner's friendship with the Thompsons, they checked the Thompsons' pawn history and learned that at about 2:15 p.m. on September 4, 2008, Bonnie Thompson pawned jewelry at an Indianapolis pawn shop that included sapphire and diamond earrings, gold earrings, and a wood cross necklace with an ivory-heart detail. Officials procured a search warrant for the Thompson home on November 13, 2008.[2] Before serving the warrant, however, an investigator telephoned Thompson's wife so that she could let them in and avoid damage to her home. Coincidentally, Turner was in the same car when the investigator telephoned Thompson's wife. He asked to be let out of the car before the Thompsons returned home. Law enforcement officers served the warrant and discovered items that had been taken from the McCarthys' home, including a Kensington computer bag and several computer-related devices. The McCarthys later identified these items as the ones taken from their home. On December 1, 2008, Thompson gave a statement to the authorities implicating himself and Turner in the burglary.

The State charged Turner with burglary as a class B felony. A jury trial was held on May 27, 2010, at which Turner represented himself. The jury found Turner guilty as charged. He was sentenced to nineteen years in prison.

Turner v. State, No. 06A05-1006-CR-427, slip op. at 1-4 (Ind. Ct. App. January 28, 2011), trans. denied. Turner appealed his conviction and sentence, claiming that the evidence was insufficient to support his conviction and that his nineteen year sentence was inappropriate. Id. at 1. His conviction and sentence were affirmed. Id.

---

[2] Turner was also living there at the time.

3

On November 1, 2011, Turner filed a pro-se petition for post-conviction relief. On December 21, 2011, he filed an amended petition for post-conviction relief, claiming that the evidence was insufficient to support his conviction, he was improperly sentenced because an inappropriate aggravator had been considered by the trial court, and he had received ineffective assistance of appellate counsel.

On May 17, 2012, Turner filed a motion for summary judgment on each of his claims. He attached thirteen affidavits he had executed. Therein, he attacked individual evidentiary submissions at his trial, claiming that testimony was ambiguous, incomplete, inconsistent, or perjured. The State filed a cross-motion for summary judgment on the sufficiency of the evidence and sentencing claims, contending that these claims were barred by res judicata. After conducting a hearing, the post-conviction court granted the requested summary judgment to the State. The claim of ineffectiveness of appellate counsel was set for a hearing.

On April 22, 2013, the post-conviction court conducted an evidentiary hearing at which the court took judicial notice of the decision in Turner's direct appeal. Neither Turner nor the State submitted testimony or evidentiary exhibits. On July 23, 2013, the post-conviction court denied Turner relief. Turner now appeals.

**Discussion and Decision**

Standard of Review

The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5);

4

Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Id. On review, we will not reverse the judgment of the post-conviction court unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Id. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, that which leaves us with a definite and firm conviction that a mistake has been made. Id. In this review, findings of fact are accepted unless they are clearly erroneous and no deference is accorded to conclusions of law. Id. The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. Id.

## I. Summary Judgment

Post-Conviction Rule 1(4)(g) grants the court discretion to consider all pleadings, dispositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits in determining whether a motion for summary judgment has merit.

In Hough v. State, 690 N.E.2d 267, 269 (Ind. 1997), an appeal from a grant of summary judgment to the State in post-conviction proceedings, our Supreme Court has stated: "The summary judgment procedure that is available under Indiana Post-Conviction Rule 1(4)(g) is the same as under Trial Rule 56(C)." Under both rules, summary judgment is to be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. (citing Ind. Post-Conviction Rule 1(4)(g); Ind. Trial Rule 56(C)). The moving party must designate evidence to prove that there are no genuine issues

5

of material fact and that he is entitled to judgment as a matter of law and the burden then shifts to the nonmoving party to show that there is a genuine issue of material fact. Id. Any doubts about the existence of a fact or an inference to be drawn therefrom are to be resolved in favor of the nonmoving party. Id. Upon review, we apply the same standard as the trial court and the party appealing the grant of summary judgment must show the appellate court that the trial court erred. Id.

The State moved for summary judgment as to two of Turner's claims, sufficiency of the evidence and sentencing, claiming that those issues were res judicata. We agree. Post-conviction procedures do not afford petitioners with a "super-appeal"; rather, the post-conviction rules contemplate a narrow remedy for subsequent collateral challenges to convictions. Reed v. State, 856 N.E.2d 1189, 1194 (Ind. 2006). The purpose of a petition for post-conviction relief is to provide petitioners the opportunity to raise issues not known or available at the time of the original trial or direct appeal. Stephenson v. State, 864 N.E.2d 1022, 1028 (Ind. 2007). If an issue was known and available but not raised on direct appeal, the issue is procedurally foreclosed. Id. If an issue was raised and decided on direct appeal, it is res judicata. Id. Moreover, collateral challenges to convictions must be based upon grounds enumerated in the post-conviction rule. Shanabarger v. State, 846 N.E.2d 702, 707 (Ind. Ct. App. 2006), trans. denied; see also Post-Conviction Rule 1(1). As Turner's sufficiency of the evidence and sentencing challenges were available to him and raised on direct appeal, they are res judicata. The State was entitled to summary judgment as to these claims.

6

## II. Effectiveness of Counsel

Turner contends he was denied the effective assistance of appellate counsel. Effectiveness of counsel is a mixed question of law and fact. Strickland v. Washington, 466 U.S. 668, 698 (1984). We evaluate Sixth Amendment claims of ineffective assistance under the two-part test announced in Strickland. Id. To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both deficient performance and resulting prejudice. Dobbins v. State, 721 N.E.2d 867, 873 (Ind. 1999) (citing Strickland, 466 U.S. at 687). Deficient performance is that which falls below an objective standard of reasonableness. Strickland, 466 U.S. at 687; see also Douglas v. State, 663 N.E.2d 1153, 1154 (Ind. 1996). Prejudice exists when a claimant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Cook v. State, 675 N.E.2d 687, 692 (Ind. 1996). The two prongs of the Strickland test are separate and independent inquiries. Strickland, 466 U.S. at 697. Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Id.

We "strongly presume" that counsel provided adequate assistance and exercised reasonable professional judgment in all significant decisions. McCary v. State, 761 N.E.2d 389, 392 (Ind. 2002). A defendant is entitled to the effective assistance of appellate counsel. Stevens v. State, 770 N.E.2d 739, 760 (Ind. 2002). The two-pronged standard for evaluating the assistance of trial counsel first enunciated in Strickland is applicable to appellate counsel

7

ineffective assistance claims.  Bieghler v. State, 690 N.E.2d 188, 192 (Ind. 1997).  There are three basic categories of alleged appellate ineffectiveness:  (1) denying access to an appeal, (2) waiver of issues, and (3) failure to present issues well.  Id. at 193-95.  Here, the last category is implicated.

At the post-conviction hearing, Turner described his complaint with appellate counsel's performance:  "in the issues there was no claim of any violation of state or federal law."  (P.C.R. Tr. 1.)  In his appellate brief, Turner describes his alleged omitted claim as a "Jackson claim."  Appellant's Br. At 14.  This is an apparent reference to a case he cites in his brief for the proposition that there must be more than a modicum of evidence to support a conviction, specifically, Jackson v. Virginia, 443 U.S. 307 (U.S. 1979).  Apparently, Turner believes that this Court would have undertaken a more stringent review of his claim of insufficient evidence had counsel cited federal case-law.

Appellate counsel challenged the sufficiency of the evidence; the reviewing court examined the evidence and found it sufficient.  Indeed, a criminal conviction absent proof beyond a reasonable doubt on each element of the charged crime amounts to fundamental error.  See In re Winship, 397 U.S. 358, 361 (1970) (requiring that the State must prove every element of the crime charged beyond a reasonable doubt).  This Court would have been obliged to reverse Turner's conviction had this burden of proof not been met, regardless of appellate counsel's citation to authority.

Turner's brief fails to provide cogent argument with citation to relevant authority to demonstrate a reasonable probability that the outcome of his direct appeal would have been

different had the <u>Jackson</u> decision been cited by appellate counsel. Turner has not shown that his appellate counsel overlooked a significant and obvious issue for appeal or failed to present an issue well.

**Conclusion**

The State, and not Turner, was entitled to summary judgment as to issues that had been determined adversely to Turner on direct appeal. Turner has not overcome the presumption that he received the effective assistance of appellate counsel. Accordingly, the post-conviction court properly denied Turner's petition for post-conviction relief.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.