## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 14 2020, 7:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Gerald L. Stokes
Putnamville Correctional Facility
Greencastle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gerald L. Stokes, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 14, 2020 <br><br> Court of Appeals Case No. 19A-CR-753 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Alicia A. Gooden, Judge <br><br> Trial Court Cause No. 49G21-1707-F3-27770 |

**Crone, Judge.**

# Case Summary

Gerald L. Stokes, pro se, appeals the trial court's denial of his motion to reconsider its denial of his petition for good time credit. We affirm.

# Facts and Procedural History

On July 27, 2017, Stokes was arrested for drug-related offenses. At the time, he was serving parole in an unrelated cause, and as a result of his arrest, the State issued a warrant for a hold on his parole. In the present cause, the State charged Stokes with level 3 felony dealing in cocaine, level 5 felony possession of cocaine, level 5 felony possession of a narcotic drug, and class B misdemeanor marijuana possession. Stokes initially pled not guilty. On December 24, 2017, the hold on Stokes's parole in the other cause was lifted, and he was continued on parole in that cause, with an earliest possible release date of May 25, 2018.

In June 2018, Stokes entered a change of plea and pled guilty by plea agreement to the two level 5 felony offenses in exchange for the State's dismissal of the remaining counts. Due to the circumstances surrounding the warrant to hold Stokes's parole in the unrelated cause and the lifting of the hold, the trial court extended Stokes's sentencing hearing to a second day to resolve the issue of Stokes's credit time. On June 22, 2018, the trial court sentenced Stokes per the plea agreement to two concurrent six-year terms, with four years executed in the Indiana Department of Correction and two years in community corrections. Based on Stokes's offenses, he was assigned to credit class B, meaning that he

earned one day of good time credit for every three days of confinement while awaiting trial or sentencing. Ind. Code § 35-50-6-3.1(c). The trial court awarded Stokes 339 days total credit time, 312 as good time credit and 27 as jail time credit. Tr. Vol. 2 at 47-48; *see also* Appellant's App. Vol. 2 at 20 (abstract of judgment).

[4] On October 5, 2018, Stokes filed a petition for jail time credit, asserting that he was entitled to 330 days. The trial court denied his petition, and he did not appeal that ruling. On February 15, 2019, he filed a petition for good time credit, which the trial court also denied. On March 4, 2019, he filed a motion to reconsider the denial of his February petition for good time credit. The trial court denied his motion, and he now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

[5] Stokes challenges the trial court's denial of his motion to reconsider its denial of his petition for good time credit. We ordinarily review the trial court's reconsideration of its prior rulings for an abuse of discretion. *Hampton v. State*, 71 N.E.3d 1165, 1170 (Ind. Ct. App. 2017), *trans. denied*. However, a prisoner's entitlement to credit time is a matter dictated by statute, and as such, the trial court generally does not have discretion in awarding or denying such credit time. *Purdue v. State*, 51 N.E.3d 432, 436 (Ind. Ct. App. 2016).

[6] As a preliminary matter, we note that Stokes has chosen to proceed pro se. It is well settled that pro se litigants are held to the same legal standards as licensed

attorneys. *Lowrance v. State*, 64 N.E.3d 935, 938 (Ind. Ct. App. 2016). This means that they must follow our established rules of procedure and accept the consequences when they fail to do so. *Id.* It is not the court's role to become an "advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Id.*

[7] Stokes appeals the trial court's calculation of his good time credit. A person who has not been awarded proper credit time may seek review of this error at any time. *Weaver v. State*, 725 N.E.2d 945, 947 (Ind. Ct. App. 2000). Indiana Code Section 35-50-6-0.5 defines the various types of credit time an accused may earn. These include accrued (jail time) credit for days actually confined prior to trial/sentencing and good time credit, which is calculated according to class assignment based on the nature and seriousness of the person's offense(s). Ind. Code § 35-50-6-3.1. The trial court found, and the parties agree, that Stokes was assigned to class B, which entitled him to one day of good time credit for every three days of confinement prior to sentencing. Ind. Code § 35-50-6-3.1(c).

[8] Despite the trial court's recitation of its award of 312 days of good time credit during the hearing and its recording of that same figure in the abstract of judgment, Stokes inexplicably argues in his brief that he is entitled to eighty-three days of good time credit. He does not argue for eighty-three additional days, simply for eighty-three days, and he does not explain how he arrived at

this figure.[1]  His argument comprises just over one page and lacks cogency, and we therefore find that he has waived review of this argument pursuant to Indiana Appellate Rule 46(A)(8).  *Hough v. State*, 690 N.E.2d 267, 275 (Ind. 1997), *cert. denied (1998).*  While we are mindful that Stokes is a pro se litigant, we must hold him to the same standards as a licensed attorney, and we will not develop arguments that are so poorly expressed as to lack cogency.  *Lowrance*, 64 N.E.3d at 938.  Accordingly, we affirm.

[9]     Affirmed.

May, J., and Pyle, J., concur.

---

[1] Nor did Stokes acknowledge the effect the warrant to place a hold on his parole would have had on any such calculations.