# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**MATTHEW D. BARRETT**
Matthew D. Barrett, P.C.
Logansport, Indiana



FILED
Mar 27 2013, 8:37 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No.  09A02-1210-PC-792 |
| | ) | |
| ANTONIO GONZALEZ-VAZQUEZ, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE CASS SUPERIOR COURT
The Honorable Richard A. Maughmer, Judge
Cause No. 09D02-1106-PC-6

**March 27, 2013**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

The State of Indiana appeals the denial of a motion to correct error[1] challenging a grant of summary judgment to Antonio Gonzalez-Vazquez ("Vazquez") upon his petition for post-conviction relief, which alleged ineffectiveness of trial counsel. We reverse and remand for further proceedings.

**Issues**

The State presents three issues for review, which we consolidate and restate as the following issues:[2]

I.    Whether the post-conviction court erred in excluding the State's summary judgment response as untimely; and

II.   Whether Indiana Trial Rule 56(C) and (I) should be inapplicable to post-conviction proceedings.

**Facts and Procedural History**

In 2010, Vazquez was convicted of stalking and criminally confining his former girlfriend. See Vazquez v. State, 944 N.E.2d 10, 14 (Ind. Ct. App. 2011), trans. denied. He was additionally convicted of theft, and received an aggregate sentence of twenty-six years imprisonment. His convictions were affirmed on direct appeal. See id. at 16.

On June 20, 2011, Vazquez filed a petition for post-conviction relief alleging that his

---

[1] One day after the summary judgment order, the State filed its "Motion to Set Aside Order of Summary Judgment, Motion to Set Aside Reconsideration, and Motion for Hearing." (App. 428.) The motion did not reference Indiana Trial Rule 60 or identify one of its categories as grounds for setting aside a judgment. It thus appears that, in substance, the State filed a motion to correct error.

[2] Because we reverse the summary judgment granting post-conviction relief, we need not address the State's contention that Vazquez failed to meet his burden of proof on the merits of his claim of trial counsel ineffectiveness.

trial counsel was ineffective because of his failure to: adequately investigate, depose witnesses, conduct in-depth client interviews, file pre-trial motions, and make appropriate trial objections. On July 17, 2012, Vazquez filed a motion for summary judgment pursuant to Indiana Trial Rule 56 and Post-Conviction Rule 1(4)(g).[3] Therein, he added an allegation that he had "an alibi for part of the allegations" that counsel had ignored. (App. 69.) Vazquez's motion was served upon the State by certified mail.

On August 20, 2012, the State filed a request for an extension of time in which to file the response to the summary judgment motion. The post-conviction court granted the motion, ordering the State to file a response by August 24, 2012. The State complied by filing a response on August 24, 2012. On August 27, 2012, the post-conviction court denied Vazquez's motion for summary judgment.

Vazquez subsequently filed a motion for reconsideration of the denial of summary judgment, asserting that the State's response had been due on August 16, 2012, which was thirty days after receipt of the summary judgment motion via certified mail. According to Vazquez, the State's August 20, 2012 request for an enlargement of time and the August 24, 2012 response were both untimely.

On September 5, 2012, the post-conviction court granted Vazquez's motion for reconsideration, concluding that the State had failed to request an enlargement of time within thirty days after the summary judgment motion had been served, pursuant to Indiana Trial

[3] Indiana Post-Conviction Rule 1(4)(g) provides that summary disposition in a post-conviction proceeding is appropriate when "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

Rule 56(I), and that no days could be added to the thirty-day period due to mail service.[4] The post-conviction court struck the State's response and granted Vazquez summary judgment on his post-conviction claim.

The State then filed its motion to correct error. On September 18, 2012, the parties appeared before the post-conviction court for a hearing. The State contended that the motion for an enlargement of time, made thirty-four days after service, had been timely because the State was entitled to add three days for mail service and the thirty-third day had fallen on a Sunday.[5] The post-conviction court rejected the State's argument and refused to set aside the grant of summary judgment. This appeal ensued.

**Discussion and Decision**

I. Timeliness of Response and Applicability of Trial Rule 6(E)

The State appeals from the denial of its motion to correct error. Rulings on motions to correct error are typically reviewable under an abuse of discretion standard; however we review the matter de novo when the issue on appeal is purely a question of law. Ind. Bureau of Motor Vehicles v. Charles, 919 N.E.2d 114, 116 (Ind. Ct. App. 2009).

The motion to correct error ultimately relates back to whether the trial court should consider the State's response to be timely pursuant to Trial Rule 56 and Trial Rule 6(E). There is no dispute concerning the dates of service or any of the parties' motions.

---

[4] The post-conviction court's order stated in relevant part: "Trial Rule 6(B)(2) does not apply to summary judgment materials." App. 424 (emphasis in original). However, Trial Rule 6(E) addresses additional time after service by mail.

[5] See Indiana Trial Rule 6(A) (providing in relevant part that, in computing any period of time under the rules, the last day will not be included if it is a Saturday, Sunday or legal holiday).

4

Accordingly, a legal issue is presented.

Trial Rule 56 provides, in pertinent part:

(C)  Motion and proceedings thereon.  The motion and any supporting affidavits shall be served in accordance with the provisions of Rule 5.  An adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits.

\*\*\*

(F)  When affidavits are unavailable.  Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

\*\*\*

(I)  Alteration of Time.  For cause found, the Court may alter any time limit set forth in this rule upon motion made within the applicable time limit.

When a non-moving party fails to respond to a motion for summary judgment within thirty days by filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party after the thirty-day period.  HomEq Servicing Corp. v. Baker, 883 N.E.2d 95, 98-99 (Ind. 2008).

Trial Rule 6(E) provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by United States mail, three [3] days shall be added to the prescribed period.

In post-conviction proceedings, Vazquez relied upon DeLage Landen Fin. Servs., Inc. v. Cmty. Mental Health Ctr., 965 N.E.2d 693 (Ind. Ct. App. 2012) (wherein the Court was

5

required to resolve a direct conflict between different rules for time alteration), trans. denied, for the proposition that Rule 56 exclusively controls timing of summary judgment filings. Vazquez asserted, and the post-conviction court agreed, that the import of DeLage is that no provision of Rule 6 could be applicable in summary judgment proceedings. However, we conclude that Vazquez reads DeLage too broadly.

In DeLage, a lessor of copy machines filed a complaint against a lessee and moved for summary judgment on March 15, 2011. The lessee, on May 27, 2011, filed a motion for enlargement of time to respond to the motion for summary judgment, pursuant to Trial Rule 6(B)(2).[6] Id. at 695. The trial court allowed the lessee to file a belated response and denied summary judgment; the lessor appealed. Id. In addressing the conflict between the alteration of time provision of Rule 56(I) and the extension of time provision of Rule 6(B)(2), the Court stated:

> When trial rules conflict, we apply the principles of statutory construction under which rules are to be construed together and in harmony when possible. … Thus, when two rules cover the same subject matter and one does so generally where the other does so specifically, the more specific rule prevails. … The parties disagree over which rule – Trial Rule 6 or Trial Rule 56 – is more specific. We recognize, as CMHC has pointed out, that Trial Rule 56 is not one of the rules Trial Rule 6(B)(2) specifically exempts from its operation. However, none of the rules that are specifically exempted from Trial Rule 6(B)(2) have their own enlargement of time provision and would thus be subject to Trial Rule 6(B)(2) without the exemption. Because Trial Rule 56 has its own enlargement of time provision, which applies only to Trial Rule 56

---

[6] Rule 6(B)(2) provides: "When an act is required or allowed to be done at or within a specific time by these rules, the court may at any time for cause shown: upon motion made after the expiration of the specific period, permit the act to be done where the failure to act was the result of excusable neglect; but, the court may not extend the time for taking any action for judgment on the evidence under Rule 50(A), amendment of findings and judgment under Rule 52(B), to correct errors under Rule 59(C), statement in opposition to motion to correct error under Rule 59(E), or to obtain relief from final judgment under Rule 60(B), except to the extent and under the conditions stated in those rules."

and is therefore the more specific of the two rules, it does not need to be exempted from Trial Rule 6(B)(2) because it is not subject to Trial Rule 6(B)(2) in the first instance. Thus, the fact that CMHC filed a motion for enlargement of time pursuant to Trial Rule 6(B)(2) and the non-movant in HomEq did not is not a pertinent distinction because Trial Rule 6(B)(2) does not apply to summary judgment materials.

Id. at 698 (internal citations omitted).

The DeLage Court reiterated the well-settled rule that a more specific rule will prevail over a general rule in the face of conflict. However, the Court did not suggest that the entirety of Rule 6 conflicts with Rule 56(I). Indeed, the Court stated in its recitation of procedural history: "Pursuant to Trial Rule 56(C), CMHC had thirty days – or until April 18, 2011 including the three-day extension for service by mail – to file a response." Id. at 695 (emphasis added). The Court specifically referenced Trial Rule 6(E) as the origin of the three-day extension. See also Starks Mech., Inc. v. New Albany-Floyd Cnty. Consol. Sch. Corp., 854 N.E.2d 936, 939-40 (Ind. Ct. App. 2006) (recognizing that Trial Rule 6(E) adds three days to the thirty days a non-movant has to file a summary judgment response where service is by mail).

The post-conviction court excluded the State's response on grounds that Rule 6(E) was inapplicable; this was erroneous as a matter of law and the State's motion and response were timely. Therefore, the grant of summary judgment must be reversed.

Applicability of Procedural Requirements of Trial Rule 56

Because it may arise on remand, we address the State's contention that Trial Rule 56(C) and (I) should not be applicable to post-conviction proceedings because "significant prosecutions could be undone without any basis simply because a prosecutor's office fails to

7

respond in thirty days." (Appellant's Br. at 14.) In an effort to differentiate post-conviction proceedings from other civil proceedings, the State observes that Post-Conviction Rule 1(4)(g) grants the trial court discretion to consider all pleadings, dispositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits in determining whether a motion for summary judgment has merit, while Trial Rule 56(C) limits consideration to the designated evidentiary matter.

In Hough v. State, 690 N.E.2d 267, 269 (Ind. 1997), an appeal from a grant of summary judgment to the State in post-conviction proceedings, our Supreme Court has stated: "The summary judgment procedure that is available under Indiana Post-Conviction Rule 1(4)(g) is the same as under Trial Rule 56(C)." Under both rules, summary judgment is to be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. (citing Ind. Post-Conviction Rule 1(4)(g); Ind. Trial Rule 56(C)). The moving party must designate evidence to prove that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law and the burden then shifts to the nonmoving party to show that there is a genuine issue of material fact. Id. Any doubts about the existence of a fact or an inference to be drawn therefrom are to be resolved in favor of the nonmoving party. Id. Upon review, we apply the same standard as the trial court and the party appealing the grant of summary judgment must show the appellate court that the trial court erred. Id.

The Hough court did not contemplate that summary judgment was available to the State but not to the petitioner. We are not in a position to carve out an exception to redress

the State's concern that mere negligence on its part might result in a windfall to a petitioner and a danger to the public.

That said, we do not anticipate that a motion for summary judgment could often be granted to the post-conviction petitioner by default. Generally, post-conviction complaints that something went awry at trial are cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal. Sanders v. State, 765 N.E.2d 591, 592 (Ind. 2002). Such allegations of ineffectiveness of counsel and newly discovered evidence are not readily amenable to summary disposition.

Here, for example, Vazquez claimed he was entitled to post-conviction relief because his trial counsel had been ineffective. Ineffectiveness claims are evaluated under the standard of Strickland v. Washington, 466 U.S. 668 (1984). The first prong requires a showing that counsel's performance fell below an objective standard of reasonableness and the second prong requires a showing that the deficient performance was prejudicial. Hough, 690 N.E.2d at 270. To establish the "prejudice" element, one must show a reasonable probability that, but for the deficient performance, the result would have been different. Id.

We strongly presume that counsel provided adequate assistance and exercised reasonable professional judgment in all significant decisions. McCary v. State, 761 N.E.2d 389, 392 (Ind. 2002). Bald assertions of counsel's omissions or mistakes are inadequate to support a post-conviction claim of ineffectiveness of counsel. Tapia v. State, 753 N.E.2d 581, 587 (Ind. 2001). Thus, even though allegations of omissions or mistakes might go unchallenged, the petitioner is still required to make a prima facie showing of prejudice to

9

obtain summary judgment.

Although the State may have a valid concern that a lack of diligent responses in post-conviction proceedings could result in the reversal of some criminal convictions, it would be an extremely rare occasion upon which a petitioner would be able to show an absence of an issue of material fact and further show his entitlement to judgment as a matter of law without a hearing and the presentation of evidence. Indeed, in this particular case, Vazquez focused upon alleged omissions but largely ignored the requirement of showing prejudice. In light of the foregoing, we decline the State's invitation to hold that it is relieved of the time constraints of Trial Rule 56.

## Conclusion

The post-conviction court erred in striking the State's response as untimely. We reverse and remand for further post-conviction proceedings.

Reversed and remanded.

VAIDIK, J., and BROWN, J., concur.