**FOR PUBLICATION**

ATTORNEYS FOR APPELLANT:

**HANNAH L. THOMPSON**
**MATTHEW DERRINGER**
**RONALD E. WELDY[1]**
Weldy & Associates
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**MICHAEL L. EINTERZ, JR.**
Einterz & Einterz
Zionsville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY E. BOYD, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1303-PL-107 |
| | ) | |
| WHTIV, INC. and WALTER TARR, IV, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Timothy W. Oakes, Judge
The Honorable Caryl F. Dill, Magistrate
Cause No. 49D13-1209-PL-35995

**November 5, 2013**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

---

[1] We note that attorney Ronald E. Weldy ("Weldy") filed the Notice of Appeal and Appellant's Brief in this matter. Pursuant to a subsequently-issued Indiana Supreme Court Order published July 23, 2013 ("July 23 order"), Weldy was suspended from the practice of law for 180 days total, with 90 days to be actively served and the rest stayed subject to probation, effective August 16, 2013. Appellant's Reply Brief initially reflected that service was made and the Reply Brief was filed on August 16, and Employer filed a Motion to Strike the Reply Brief. Thereafter, Boyd filed a Motion to Correct Scrivener's Error, indicating the Reply Brief was served and filed on August 15, prior to Weldy's suspension. On October 3, 2013 we granted Boyd's Motion to Correct Scrivener's Error and denied Employer's Motion to Strike the Reply Brief.

After the trial court denied Anthony E. Boyd's ("Boyd") motion for an extension of time to respond to the summary judgment motion filed by defendants WHTIV, Inc. and Walter Tarr, IV (collectively "Employer"), and it thereafter granted Employer's summary judgment motion, Boyd filed a motion to correct error, which the trial court denied. He now appeals, raising two issues that we restate as:

I.      Whether the trial court erred when it determined that Indiana Trial Rule 6(E), which extends by three days the deadline to respond following service by United States mail, did not apply to summary judgment proceedings and Boyd's motion for extension of time to respond to Employer's summary judgment motion therefore was not timely filed; and

II.     Whether Boyd is entitled to appellate attorney fees relative to Employer's Motion for Involuntary Dismissal of Appeal.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

In September 2012, Boyd filed a complaint against Employer for actual and statutory damages pursuant to the Fair Labor Standards Act and the Minimum Wage Act, alleging that Employer failed to pay him overtime premiums during his employment. On November 7, 2012, Employer filed a motion for summary judgment, and it served Boyd with the motion by United States mail. Thirty-three days later, on December 10, 2012, Boyd filed a Motion to Extend Opposition to Defendants' Motion for Summary Judgment, in which he sought additional time to respond to the summary judgment motion in order to review and complete discovery concerning Employer's motion and Boyd's response thereto, as well as determine the appropriateness of filing his own cross-motion for summary judgment.

2

Employer objected to this request for additional time to respond, asserting that because Boyd did not respond or request additional time within thirty days, *i.e.* by December 7, his request was not timely, and his motion must be denied. On December 14, the trial court denied Boyd's motion for extension of time, and it also granted Employer's motion for summary judgment.

Thereafter, Boyd filed a motion to correct error, asserting that his December 10 request for additional time to respond to the summary judgment motion was timely because Indiana Trial Rule 6(E) extended by three days the deadline to respond since the November 7 motion for summary judgment was served upon him by mail. The trial court denied Boyd's motion to correct error, stating: "Motion to correct error denied. Motion for extension of time was untimely." *Appellant's App*. at 5. He now appeals.

## DISCUSSION AND DECISION

Boyd appeals from the denial of his motion to correct error. Rulings on motions to correct error are typically reviewable under an abuse of discretion standard; however we review the matter *de novo* when the issue on appeal is purely a question of law. *State v. Gonzalez-Vazquez*, 984 N.E.2d 704, 706 (Ind. Ct. App. 2013) (citing *Ind. Bureau of Motor Vehicles v. Charles*, 919 N.E.2d 114, 116 (Ind. Ct. App. 2009)), *trans. denied*. In this case, as in *Gonzales-Vazquez*,

> The motion to correct error ultimately relates back to whether the trial court should consider [Boyd's] response to be timely pursuant to Trial Rule 56 and Trial Rule 6(E). There is no dispute concerning the dates of service or any of the parties' motions. Accordingly, a legal issue is presented.

984 N.E.2d at 706.

3

## I.      Timeliness of Boyd's Request for Extension of Time

This appeal presents the question of whether Indiana Trial Rule 6(E) extends the date by which the non-movant must respond to a summary judgment motion or request an extension of time to respond. Employer's position is that any motion for extension of time to respond to a motion for summary judgment must comply with the thirty-day deadline provided in Indiana Trial Rule 56(F) or Trial Rule 56(I) and that the three-day extension of time provided by Trial Rule 6(E) does not apply. Upon review of the relevant statutes and recent case law, we disagree.

Initially, we begin with Indiana Trial Rule 56(C) and observe that it states, in pertinent part, "An adverse party shall have thirty (30) days *after service of the motion* to serve a response and any opposing affidavits." (Emphasis added.) By its terms, Trial Rule 56(C) recognizes that the response time is not thirty days from the date of the filing of the motion; rather, it is thirty days from the date of service on the recipient. Likewise, our trial rules specifically provide for additional time for service by mail. Trial Rule 6(E) states:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by United States mail, three [3] days shall be added to the prescribed period.

Indeed, a review of Indiana case law reveals that Trial Rule 6(E)'s three-day extension of time is permitted and calculated into the required response time for summary judgment motions. For instance, in *City of Mishawaka v. Kvale*, 810 N.E.2d 1129 (Ind. Ct. App. 2004), we recognized,

> [B]ecause the Estate served its motion for summary judgment via mail, City had an additional three days to respond. *See* T.R. 6(E). Because City's response and designation of evidence was filed after the thirty-three days had expired, the trial court did not abuse its discretion by striking City's response and designated materials.

*Id*. at 1134. Similarly, in *Starks Mech., Inc. v. New Albany-Floyd Cnty. Consol. Sch. Corp.*, 854 N.E.2d 936 (Ind. Ct. App. 2006), we recognized,

> Indiana Trial Rule 56(C) provides that the nonmovant has thirty days after being served with a motion for summary judgment to serve a response and any opposing affidavits. Trial Rule 6(E) provides that when a motion is served by mail, an additional three days shall be added to the prescribed period.

*Id*. at 939.

Nevertheless, here, Employer asserts that the three-day extension granted by Trial Rule 6(E) does not apply to Trial Rule 56 motions for summary judgment because Trial Rule 56 exclusively controls the timing of summary judgment proceedings. In support of this position, Employer relies on this court's decision in *DeLage Landen Financial Services, Inc. v. Community Mental Health Center*, 965 N.E.2d 693 (Ind. Ct. App. 2012), *trans. denied*. There, DeLage, a lessor of copy machines, moved for summary judgment on its complaint against lessee Community Mental Health Center ("CMHC"). DeLage's motion for summary judgment was filed on March 15, 2011. On May 27, 2011, CMHC, the non-movant, moved for enlargement of time to respond pursuant to Indiana Trial Rule 6(B)(2), which allows a trial court to permit an act to be done after the expiration of the time period if the failure to act was the result of excusable neglect, namely to be an inexperienced

employee who did not properly schedule the due date for the response.[2]  The trial court in

*DeLage* allowed CMHC's belated response and denied DeLage's motion for summary

judgment, and DeLage appealed.

In its analysis, the *DeLage* court examined our Supreme Court's decision in *HomEq*

*Servicing Corp. v. Baker*, 883 N.E.2d 95, 98-99 (Ind. 2008), where the court stated:

> When a nonmoving party fails to respond to a motion for summary judgment
> within 30 days by either filing a response, requesting a continuance under Trial
> Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot
> consider summary judgment filings of that party subsequent to the 30-day
> period.

*DeLage*, 965 N.E.2d at 697.  As the *DeLage* court noted, however, the non-movant in

*HomeEq* never requested an enlargement of time under Indiana Trial Rules, whereas CMHC

did request an enlargement under Trial Rule 6(B)(2).  The *DeLage* court thus focused on the

conflict, if any, between Trial Rule 56(I), which states that "for cause found, the Court may

alter any time limit set forth in this rule upon motion made within the applicable time limit"

and the extension of time provision of Trial Rule 6(B)(2).  The *DeLage* court ultimately

determined that Trial Rule 6(B)(2) does not apply to summary judgment materials, and

CMHC's belated response should not have been permitted.  *DeLage*, 965 N.E.2d at 698.

---

[2] Indiana Trial Rule 6(B)(2) provides:  "When an act is required or allowed to be done at or within a specific time by these rules, the court may at any time for cause shown: . . .upon motion made after the expiration of the specific period, permit the act to be done where the failure to act was the result of excusable neglect; but, the court may not extend the time for taking any action for judgment on the evidence under Rule 50(A), amendment of findings and judgment under Rule 52(B), to correct errors under Rule 59(C), statement in opposition to motion to correct error under Rule 59(E), or to obtain relief from final judgment under Rule 60(B), except to the extent and under the conditions stated in those rules."

One year later, this court in *Gonzales-Vazquez* addressed the scope of the *DeLage* decision in a factual context strikingly similar to the one we face today. There, in post-conviction proceedings, Vazquez filed a motion for summary judgment on July 17, 2012. The motion was served on the State by certified mail. On August 20, 2012, the State filed a request for an extension of time in which to file a response to the motion for summary judgment. The trial court granted the State's request, the State thereafter filed a response on August 24, and Vazquez's motion for summary judgment was denied. Vazquez filed a motion for reconsideration arguing that the State's August 20 request for enlargement of time and its subsequent response were both untimely. Like Employer in the present case, Vazquez, relying upon *DeLage*, argued that Trial Rule 56 exclusively controls timing of summary judgment filings. The post-conviction court agreed with Vazquez and concluded that the State had failed to request an enlargement of time within thirty days as provided by Trial Rule 56(I) and that no days could be added to the thirty-day period due to mail service; it struck the State's response and it granted Vazquez's motion for summary judgment.

The State filed a motion to correct error, contending that its motion for enlargement of time, which was filed thirty-four days after the summary judgment motion, was timely because the State was entitled to add three days for mail service and the thirty-third day had fallen on a Sunday. The post-conviction court rejected that argument. The State appealed.

In our *Gonzalez-Vazquez* decision, we determined that, to the extent that the post-conviction court had understood *DeLage* to mean that no provision of Trial Rule 6 could be applicable in summary judgment proceedings, the post-conviction court had interpreted the

7

import of *DeLage* "too broadly." *Gonzalez-Vazquez*, 984 N.E.2d at 707. Indeed, as the *Gonzalez-Vazquez* court noted, the *DeLage* court had referred to and relied upon Trial Rule 6(E):

> On March 15, 2011 [DeLage] filed a motion for summary judgment and designation of evidence. Pursuant to Trial Rule 56(C), CMHC had thirty days – or until April 18, 2011 *including the three-day extension for service by mail* – to file a response.

*Id.* at 708 (quoting *DeLage*, 965 N.E.2d at 695 and adding emphasis). The *DeLage* court footnoted Trial Rule 6(E) as the source of the permitted three-day extension. *DeLage*, 965 N.E.2d at 695 n.1. The *Gonzalez-Vazquez* court concluded that the post-conviction court erred as a matter of law when it excluded the State's request for an extension of time as being untimely, and it reversed the grant of summary judgment in favor of Vazquez. *Gonzalez-Vazquez*, 984 N.E.2d at 708.

*Gonzalez-Vazquez* – which Employer neither distinguishes nor cites to – guides our decision today, and we hold that the three-day extension of time provided by Trial Rule 6(E) applies in the context of Boyd's request for an extension of time to respond to Employer's motion for summary judgment. Consequently, as applied here, Boyd's request for extension of time to respond was not untimely, and the trial court should not have denied his motion to correct error.[3] *See id.* (reversing trial court's denial of State's motion to correct error).

---

[3] As stated, the trial court's order denying the motion to correct error reflected that the denial was based upon the fact that the request for an extension of time was not timely filed. *Appellant's App.* at 5. However, to the extent that the trial court's denial of Boyd's motion for enlargement of time was based on the merits of the motion, the trial court abused its discretion; the civil proceedings had just recently commenced, discovery had timely begun, and the request for more time was reasonable under the circumstances.

Further, Boyd argues, and we agree, that because he sought, but was denied, additional time to complete discovery, the trial court's grant of summary judgment in Employer's favor was premature. As we have recognized, summary judgment proceedings are not substitutes for trials on the merits and motions for summary judgment should only be granted where the parties have adequate time to complete discovery. *Collins v. HSBC Bank USA, Nat'l Ass'n*, 974 N.E.2d 537, 541 (Ind. Ct. App. 2012) (recognizing that trial courts generally will not grant summary judgment when there are pending discovery requests that might impact court's ability to decide motion). Accordingly, we reverse both the trial court's denial of Boyd's motion to correct error and its grant of summary judgment in Employer's favor. *Gonzales-Vazquez*, 984 N.E.2d at 708.

## II. Attorney Fees

Lastly, we address Boyd's pending Verified Motion for Appellant Fees ("verified motion"), in which Boyd seeks to recover attorney's fees incurred in opposing Employer's Motion for Involuntary Dismissal of Appeal ("motion for dismissal"),[4] which this court ultimately denied. A brief procedural backdrop is warranted.

After Boyd filed his notice of appeal with this court, Employer filed the motion for dismissal, asserting that Boyd had failed to timely file a motion to correct error with the trial court, and because that motion was not timely, his notice of appeal likewise was not timely, and his appeal should be dismissed. Specifically, Employer explained, judgment was

---

[4] We note that Employer's motion for dismissal was not initially accepted for filing because it was defective for failing to file the required number of copies. Upon Notice of Defect from the Clerk, Employer filed the appropriate number of copies of his motion.

9

entered in this case on December 14, 2012, and Boyd "attempted to file" a motion to correct error on January 14, 2013, thirty-one days later, but, Employer maintained, Boyd was required to file his notice of appeal or motion to correct error no later than January 13, 2013. Boyd filed a response to Employer's motion for dismissal, advising that January 13, 2013 was a Sunday, and thus his motion filed on January 14, 2013 was timely pursuant to Indiana Trial Rule 6(A) and further claiming that Employer's motion for dismissal was frivolous. This court denied Employer's motion for dismissal.

Following our denial of Employer's motion for dismissal, Boyd filed the verified motion pursuant to Indiana Appellate Rule 66, arguing that given Indiana Trial Rule 6(A)'s directive that a party is given another day to file a pleading if the deadline falls on a Sunday, Employer's motion for dismissal "intentionally ignored the Trial Rules" and was "void of all plausibility," and Boyd asked this court to order Employer to pay $1,575 incurred in reviewing the motion for dismissal, communicating with Employer's counsel to seek a voluntary withdrawal of the motion, drafting a response to the motion, and drafting the verified motion. Employer responded and opposed the verified motion. This court ordered that the motion for attorney fees was to be held in abeyance for later determination by the writing panel.

Indiana Appellate Rule 66(E) provides in part that this court "may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." *Ballaban v. Bloomington Jewish Cmty., Inc.*, 982 N.E.2d 329, 339 (Ind. Ct. App. 2013). Our discretion is limited to instances

10

of "meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Id*. A strong showing is required to justify an award of appellate damages and the sanction is not imposed to punish mere lack of merit but something more egregious. *Harness v. Schmitt*, 924 N.E.2d 162, 168 (Ind. Ct. App. 2010). Upon review, we find that Employer's motion for dismissal fits more into the former "lack of merit" category than into the latter "something more egregious" one.

The crux of Employer's motion for dismissal was that Boyd's motion to correct error was not timely filed because the time requirements of Trial Rule 59 were not subject to automatic extension by operation of Trial Rule 6, and consequently, Boyd's notice of appeal was not timely filed. Employer's motion for dismissal thus presented a legal argument, supported by cogent argument and citation. Although we ultimately did not accept Employer's position and denied his motion for dismissal, we are not persuaded that the motion for dismissal was permeated with vexatiousness or harassment sufficient to support an award of fees under Appellate Rule 66(A). We thus deny Boyd's verified motion for fees.

Reversed and remanded for further proceedings.

ROBB, C.J., and RILEY, J., concur.