**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 29 2014, 9:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**WILLIAM N. RILEY**
**JOSEPH N. WILLIAMS**
Price Waicukauski & Riley, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**CHRISTOPHER L. LAFUSE**
American Family Insurance, Legal
 Department
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

EMERGENCY SERVICES BILLING )
CORPORATION, Individually and as )
Agent of the Brooklyn Volunteer Fire )
Department, )
)
    Appellant, )
)
       vs. ) No. 49A05-1309-PL-428
)
TONIA CONKLIN and AMERICAN )
FAMILY INSURANCE GROUP, )
)
    Appellees. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Thomas J. Carroll, Judge
Cause No. 49D06-1109-PL-35943

**January 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

The Emergency Services Billing Corporation ("ESBC"), individually and as agent of the Brooklyn Volunteer Fire Department ("BVFD"), appeals from the grant of summary judgment in favor of Tonia Conklin and American Family Insurance Group (collectively, the "Appellees"), as well as the denial of ESBC's motion to correct error. ESBC raises five issues, one of which we find dispositive and revise and restate as whether the court erred when it granted summary judgment in favor of the Appellees prior to the due date of ESBC's response brief under the Indiana Trial Rules. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On September 15, 2011, ESBC filed a complaint against the Appellees seeking payment on an unpaid bill stemming from a car accident involving Conklin to which the BVFD responded and provided services. On November 11, 2011, the Appellees filed a motion to dismiss, and, following a hearing thereon, the court denied the motion. On April 18, 2013, ESBC filed a motion for partial summary judgment, a memorandum in support and designation of evidence, and on May 17, 2013 the Appellees filed their response to ESBC's motion and cross-motion for summary judgment, as well as their brief in response and designation of evidence. On June 17, 2013, the Appellees submitted proposed findings and conclusions, and the court granted the Appellees' cross-motion for summary judgment by signing the proposed order that same day.

On July 17, 2013, ESBC filed its motion to correct error stating in part that the court committed reversible error when it entered its summary judgment order "before ESBC's response brief was due, depriving ESBC of the ability to respond." Appellant's

Appendix at 129.  In ESBC's brief in support of its motion to correct error, ESBC argued specifically that the Appellees filed their summary judgment motion on May 17, 2013, that the thirty-day deadline "should have been extended by 3 days because [Appellees] served their motion by U.S. Mail," citing Ind. Trial Rule 6(E), that accordingly ESBC's response was not required to be filed until June 19, 2013, and that the court's entry of summary judgment two days prior to this deadline was error because it violated ESBC's procedural rights and the Indiana Trial Rules.  Id. at 142.  ESBC argued that "[i]f the Court had allowed ESBC the required period of time to respond to [Appellees'] cross-motion for summary judgment then each of the arguments set forth above [in the motion to correct error and accompanying brief in support] would have been before the Court prior to granting summary judgment . . . ."  Id.  On August 7, 2013, the court held a hearing on ESBC's motion to correct error and denied the motion that same day.

ISSUE / STANDARD OF REVIEW

The dispositive issue is whether the court erred when it granted summary judgment in favor of the Appellees prior to the due date of ESBC's response brief under the Indiana Trial Rules.  ESBC appeals from the denial of its motion to correct error. Rulings on motions to correct error are typically reviewable under an abuse of discretion standard; however we review the matter *de novo* when the issue on appeal is purely a question of law.  State v. Gonzalez-Vazquez, 984 N.E.2d 704, 706 (Ind. Ct. App. 2013) (citing Ind. Bureau of Motor Vehicles v. Charles, 919 N.E.2d 114, 116 (Ind. Ct. App. 2009)), trans. denied.  Here, the motion to correct error ultimately relates to whether the trial court violated Ind. Trial Rules 56(C) and 6(E), and accordingly ESBC's procedural

3

rights, when it entered summary judgment in the Appellees' favor on June 17, 2013. There is no dispute concerning the dates of service or any of the parties' motions. Accordingly, a legal issue is presented.

DISCUSSION AND DECISION

Ind. Trial Rule 56 provides, in pertinent part: "(C) Motion and proceedings thereon. The motion and any supporting affidavits shall be served in accordance with the provisions of Rule 5. An adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits." Also, Ind. Trial Rule 6(E) provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by United States mail, three [3] days shall be added to the prescribed period.

In Gonzalez-Vazquez, this court specifically held that Ind. Trial Rule 6(E) applies in summary judgment proceedings, and the failure to so provide for an additional three days where applicable was erroneous as a matter of law. 984 N.E.2d at 708; see also Starks Mech., Inc. v. New Albany-Floyd Cnty. Consol. Sch. Corp., 854 N.E.2d 936, 939-940 (Ind. Ct. App. 2006) (recognizing that Ind. Trial Rule 6(E) adds three days to the thirty days a non-movant has to file a summary judgment response where service is by mail). Here, the certificate of service accompanying the Appellees' response to ESBC's motion for summary judgment and cross-motion for summary judgment states: "I hereby certify that a copy of the above and foregoing has been delivered to the following, *by U.S. First Class Mail* this 17th day of May, 2013," and listed the name and address of

4

counsel for ESBC. Appellant's Appendix at 102 (emphasis added). In its motion to correct error, ESBC brought this to the attention of the trial court, and similarly argues the issue in its Appellant's brief on appeal. See Appellant's Brief at 19-20. Under the circumstances, we must remand with instructions that the court provide ESBC an opportunity to respond to the Appellees' cross-motion for summary judgment prior to entering an order thereon.

## CONCLUSION

For the foregoing reasons, we reverse the court's denial of ESBC's motion to correct error and entry of summary judgment in favor of the Appellees and remand for proceedings consistent with this opinion.

Reversed and remanded.

ROBB, J., and BARNES, J., concur.