## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 17 2018, 9:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brad S. Brown,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 17, 2018

Court of Appeals Case No.
90A04-1711-CR-2670

Appeal from the Wells Circuit Court

The Honorable Kenton W. Kiracofe, Judge

Trial Court Cause No.
90C01-1708-PC-5
90C01-1205-FD-34

**Najam, Judge.**

# Statement of the Case

Brad S. Brown appeals the post-conviction court's denial of his petition for post-conviction relief. He presents a single dispositive issue for our review, namely, whether the post-conviction court erred when it summarily dismissed his petition. We reverse and remand for further proceedings.

# Facts and Procedural History

In April 2013, a jury found Brown guilty of two counts of robbery, one as a Class B felony and the other as a Class C felony, and domestic battery, as a Class D felony. The trial court entered judgment of conviction accordingly and sentenced Brown to an aggregate term of twelve years in the Department of Correction ("DOC").

On July 31, 2017, Brown filed a motion for additional credit time based on his educational achievements, as well as having "successfully completed the hours required for career, technical[,] and vocational education programs in his jobs and in career development training." Appellant's App. Vol. II at 5. Attached to his motion, Brown submitted the affidavit of "D. Walter-Cook"[1] who stated that Brown had "successfully completed the hours for department of labor apprenticeships not offered at his current facility." *Id.* at 6. On August 7, the

---

[1] The affidavit does not state who Walter-Cook is or whether he is affiliated with the prison where Brown is incarcerated.

post-conviction court issued an order stating that Brown's motion would be treated as a petition for post-conviction relief.

[4] On September 21, the State filed its response to Brown's post-conviction petition and moved for summary disposition. In that response, the State alleged that Brown was not entitled to additional credit time in that "Brown's petition request[ed] credit for an office management program that is not offered at his current facility, meaning that this program is not approved by the Department of Correction for inmates at his location." *Id.* at 15. And the State submitted the affidavit of Jennifer Farmer, the Program Director of the DOC's Sentence Computation/Release Unit. Farmer's affidavit states in relevant part as follows:

> 5. The following is a list of programs for which Brad Brown has already received credit time on his current sentence, as well as a statement of time applied:
>
>> a. Substance Abuse 2, 3.1, 3.2, and 3.3, 180 days applied.
>>
>> b. PEN Career Development Training, 90 days applied.
>
> 6. In total Brad Brown has received 270 days of credit time for the successful completion of classes offered at his facility. This represents all of the time for which Brad Brown was eligible to receive credit, and has submitted for approval.
>
> 7. Any High School Diploma and Associates Degree possessed by Brad Brown was not earned while he was incarcerated with

the IDOC, making him ineligible for credit time for these attainments.

8. A limited number of vocational courses are offered at [his facility] and other low security facilities due to the relatively short period of incarceration for these offenders, and due to the availability of work release programs.

9. The office management class that Brad Brown mentions in his petition is not offered, and is therefore not approved by IDOC at his present facility. . . . This means that Brad Brown is ineligible to receive credit time for the office management class despite any alleged work or training he may have completed in connection with his past or present employment as kitchen trustee, sanitation worker, re-entry computer clerk, and tutor/lay advocate on the Disciplinary Hearing Board.

10. Furthermore, Brad Brown was either not enrolled in, or had not completed, any other vocational class or apprenticeships that would make him eligible to receive credit time for any alleged work or training he may have completed in connection with his past or present employment as kitchen trustee, sanitation worker, re-entry computer clerk, and tutor/lay advocate on the Disciplinary Hearing Board.

11. Mere employment while incarcerated is not approved by IDOC as a cut-time program.

*Id.* at 18-19.

On October 6, Brown filed a motion for a hearing on his post-conviction petition in part to "present additional evidence." *Id.* at 25. On October 13, the post-conviction court denied Brown's motion for a hearing, granted the State's

motion for summary disposition, and denied Brown's petition for post-conviction relief. This appeal ensued.

## Discussion and Decision

[6] Brown appeals the post-conviction court's summary disposition of his petition for post-conviction relief. As our supreme court has explained:

> An appellate court reviews the grant of a motion for summary disposition in post-conviction proceedings on appeal in the same way as a motion for summary judgment. Thus summary disposition, like summary judgment, is a matter for appellate *de novo* determination when the determinative issue is a matter of law, not fact.

*Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008) (citations omitted). In summary judgment proceedings, the moving party (here, the State) is the party that bears the burden to demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Hughley v. State*, 15 N.E.3d 1000, 1003-04 (Ind. 2014). However, a trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court (here, Brown) has the burden of demonstrating that the grant of summary judgment was erroneous. *FLM, LLC v. Cincinnati Ins. Co.*, 973 N.E.2d 1167, 1173 (Ind. Ct. App. 2012), *trans. denied*.

[7] In his brief on appeal, Brown contends in relevant part that the post-conviction court erred when it "granted the State's motion for summary disposition without providing Brown an opportunity to submit additional evidence."

Appellant's Br. at 8. Indeed, the post-conviction court granted the State's motion and entered judgment before the time for Brown's response to the State's motion had expired.[2] Again, the State filed its motion for summary disposition on September 21, 2017, and, under Trial Rule 56(C), Brown had thirty days after service of that motion to serve a response and any opposing affidavits. *See State v. Gonzalez-Vazquez*, 984 N.E.2d 704, 709 (Ind. Ct. App. 2013) ("declin[ing] the State's invitation to hold that it is relieved of the time constraints of Trial Rule 56"), *trans. denied*. Thus, Brown's response was due on or about October 23. We agree with Brown that the post-conviction court erred when it entered its Order Granting Summary Disposition on October 13. Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.

[8] Reversed and remanded for further proceedings.

Robb, J., and Altice, J., concur.

---

[2] Inexplicably, the State claims that Brown was the moving party, "and therefore the State, and not [Brown], had 30 days in which to respond. *See* Ind. Trial Rule 56(C)." Appellee's Br. at 13. The record is clear that the State moved for summary disposition and was, therefore, the moving party.