## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 09 2020, 8:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Ivan C. Gooden, Jr.
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ivan C. Gooden, Jr.,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

September 9, 2020

Court of Appeals Case No.
19A-PC-2998

Appeal from the Dearborn Circuit Court

The Honorable James D. Humphrey, Judge

Trial Court Cause No.
15C01-1803-PC-3

**Bailey, Judge.**

# Case Summary

Ivan C. Gooden ("Gooden") appeals the denial of his motion to correct error which challenged the post-conviction court's order granting his Amended Petition for Post-Conviction Relief ("PCR"). He raises one issue on appeal which we restate as whether the post-conviction court erred when it granted Gooden's amended PCR petition pursuant to the parties' proposed agreed order without first holding a hearing.

We affirm.

# Facts and Procedural History

Gooden was found guilty of criminal confinement, as a Level 3 felony,[1] and aggravated battery, as a Level 3 felony,[2] following a bifurcated jury trial held between the dates of December 14, 2015, and December 18, 2015. After the jury announced its verdict, Gooden admitted to being a habitual offender, and the court sentenced him accordingly. Gooden appealed his convictions on double jeopardy grounds, and on February 21, 2017, this Court affirmed the convictions and habitual offender adjudication. *Gooden v. State*, No. 15A01-1603-CR-593, 2017 WL 677746 (Ind. Ct. App. Feb. 21, 2017).

---

[1] Ind. Code § 35-42-3-3.

[2] I.C. § 35-42-2-1.5.

[4]     On March 16, 2018, Gooden filed a pro se petition for PCR in which he alleged many grounds in support of his petition, including multiple counts of ineffective assistance of both trial and appellate counsel. Several of Gooden's allegations related to his counsel's performance regarding the habitual offender enhancement. All of Gooden's substantive PCR allegations were contained in paragraphs 8 and 9 of his PCR petition.

[5]     The post-conviction court appointed counsel for Gooden. On July 5, 2019, Gooden filed, by his counsel, an amended PCR petition in which he "delet[ed] paragraphs 8 and 9" of his original petition and alleged new grounds for PCR solely related to trial counsel's failure to move for dismissal of the habitual offender enhancement. Appellant's App. at 38. Specifically, Gooden alleged that he was statutorily ineligible for a habitual offender enhancement, and his trial counsel was ineffective for failing to move to dismiss the enhancement and allowing Gooden to admit to the habitual offender allegation. Gooden asked the court to vacate his habitual offender enhancement. Gooden also requested an evidentiary hearing on his amended PCR petition.

[6]     In a notice dated August 8, 2019, the State informed the post-conviction court that it agreed with Gooden's amended PCR petition, acknowledging that he was statutorily ineligible for the habitual offender enhancement and referencing a proposed agreed order. The notice also stated, in relevant part:

> 5. The State does not agree, nor does the proposed order call for[,] any modification to Gooden's sentence beyond the vacating of the Habitual Offender Sentencing Enhancement and

corresponding twenty (20) year sentencing enhancement attached to Count II: Criminal Confinement as a Level 3 Felony.

6. This agreement is intended only to alleviate the legally impermissible Habitual Offender finding, and to in no way modify or reduce the remaining sentence imposed by the Court of sixteen (16) years on Count II consecutive to fourteen (14) years on Count III, or the Court's findings of direct contempt filed on February 22, 2016.

Appellee's App. at 3.

On September 23, 2019, the parties filed their "Proposed Agreed Order Granting Petition for Post-Conviction Relief and Directing the Court to Issue an Amended Abstract of Judgment." Appellant's App. at 42. The agreed order stated, in relevant part:

4. Therefore, the parties hereby agree that the habitual offender sentencing enhancement finding shall be vacated by the Court, and an amended abstract should be entered maintaining the judgment of conviction as to Counts II and III, as well as the sixteen (16) and fourteen (14) year sentences attached to those counts, respectively.

5. The parties also agree that Petitioner hereby waives any other claim as to his convictions or sentence in the underlying 15C01-1501-F1-001, as well as to the direct contempt findings and attached sentences.

*Id*. at 42-43. The agreed order was signed by the prosecutor and Gooden, by his attorney.

[8]     In an order dated September 30, 2019, and entitled "Second Amended Pronouncement of Sentence," the post-conviction court amended Gooden's prior sentence "pursuant to" the parties' agreement by vacating Gooden's sentence for the habitual offender enhancement and leaving Gooden's other convictions and sentences in place. *Id*. at 49. The court also vacated its previous order setting Gooden's amended PCR petition for a hearing.

[9]     Gooden's appointed attorney subsequently filed a notice of termination, and, on October 10, Gooden filed a pro se motion to correct error. That motion contended that the post-conviction court had erred by approving the parties' agreement regarding the habitual offender enhancement without first holding a hearing. Specifically, Gooden contended that the failure to hold a hearing denied him due process of law by failing to determine whether he "knowingly and voluntarily" entered into the agreement with the State regarding his PCR petition. Appellee's App. at 8. The motion to correct error requested that the court vacate the September 30 amended sentence and order a hearing on "these matters." *Id*. at 9.

[10]    On October 30, 2019, the post-conviction court denied Gooden's motion to correct error "based upon the <u>agreement of the parties entered in this cause of action on September 30, 2019</u>." Appellant's App. at 54 (emphasis original). This appeal ensued.

## Discussion and Decision

[11] Gooden appeals the post-conviction court's order denying his motion to correct error. We review a ruling on a motion to correct error for an abuse of discretion. *E.g.*, *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013). However, "we review the matter de novo when the issue on appeal is purely a question of law." *State v. Gonzalez-Vazquez*, 984 N.E.2d 704, 706 (Ind. Ct. App. 2013), *trans. denied*.

[12] Gooden is appealing a judgment that was in his favor; that is, the post-conviction court granted him all the relief he sought in his amended PCR petition.[3] It is fundamental that a party may not secure appellate review of a favorable decision unless he is in some manner aggrieved thereby. *Hughes v. State*, 473 N.E.2d 630, 632 (Ind. Ct. App. 1985), *trans. denied*. However, Gooden's motion to correct error alleged he was aggrieved by the post-conviction court's acceptance and approval of the parties' September 23, 2019, Proposed Agreed Order *without first holding a hearing*. Therefore, we proceed to a review of that issue.

---

[3] To the extent Gooden attempts to obtain PCR related to his other convictions and sentences, he waived any such claims when he filed his amended PCR petition in which he specifically deleted the paragraphs in his original PCR petition related to those claims. *See Walker v. State*, 843 N.E.2d 50, 57 (Ind. Ct. App. 2006) (holding defendant waived a post-conviction claim on appeal when he had abandoned the claim in an amended petition for PCR), *trans. denied*. In addition, Gooden specially stated in the parties' Proposed Agreed Order that he "waive[d]" any claim as to his convictions or sentence in the underlying case other than the claim regarding the habitual offender enhancement. Appellant's App. at 43.

[13]    It is clear that post-conviction courts are permitted to accept and approve agreements between the State and PCR petitioners that dispose of PCR cases. As the Indiana Supreme Court has stated,

> [t]here are sound policy reasons that our system should permit prosecutors and petitioners for post-conviction relief to agree to resolve post-conviction relief claims, including facilitating resolution of meritorious, difficult-to-defend, and otherwise complex post-conviction issues; making efficient use of limited resources; and promoting judicial economy. To further these policies, we affirm the authority of prosecutors and petitioners for post-conviction relief to agree to resolve post-conviction relief claims on terms that include a sentence different than that imposed at trial; and we affirm the authority of post-conviction courts to accept such agreements.

*Johnston v. Dobeski*, 739 N.E.2d 121, 123 (Ind. 2000) (footnotes with citations omitted), *overruled on other grounds by State v. Hernandez*, 910 N.E.2d 213 (Ind. 2009); *see also Hummel v. State*, 110 N.E.3d 423, 427 (Ind. Ct. App. 2018) (citing *Johnston*, 739 N.E.2d at 126) (holding "that a post-conviction court has the authority to accept sentence modification agreements reached by the State and a post-conviction petitioner that call for the dismissal of the post-conviction petition in exchange for a sentence modification").

[14]    Gooden has cited no legal authority for his claim that the post-conviction court was required to hold a hearing before approving the parties' agreement to resolve the PCR claims. Rather, the Indiana Rules of Post-Conviction Remedies contemplate situations in which a post-conviction court may grant summary disposition of petitions when there are no material factual issues. *See*

Ind. Post-Conviction Rule 1(4)(f) ("…If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings."); P-CR R. 1(4)(g) ("The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law…."); *see also*, *Hamner v. State*, 739 N.E.2d 157, 160 (Ind. Ct. App. 2000) (concluding that P-CR R. 1(4)(f) "dispenses with the necessity for an evidentiary hearing when the issues are of law only," but does not "dispense with the need for an evidentiary hearing when the determination hinges, in whole or in part, upon facts not resolved").

[15] Here, Gooden's amended PCR petition abandoned all claims other than the one related to the habitual offender enhancement and only sought vacatur of that enhancement. In the parties' Agreed Proposed Order, Gooden specifically waived all claims other than his claim regarding the enhancement, and the parties agreed that he was entitled to relief on that sole remaining claim. Thus, the pleadings conclusively showed that Gooden was entitled to no relief other than relief regarding the habitual offender enhancement—which he was granted. Under such circumstances, the post-conviction court was permitted to approve the parties' agreement without further proceedings. *See* P-CR R. 1(4)(f).

[16] Furthermore, Post-Conviction Rule 1(4)(g) allows a court to grant a motion "by either party" for summary disposition when there are no issues of material fact. *Diaz v. State*, 753 N.E.2d 724, 727 (Ind. Ct. App. 2001) (citing P-CR R. 1(4)(g)) ("[T]he necessity of an evidentiary hearing [in a PCR action] is avoided when the pleadings present only issues of law."), *trans. denied*. Here, the State requested that the court approve the parties' agreed order without requesting a hearing on the same. And Gooden had only requested a hearing on his amended PCR petition; he did not raise the need for a hearing on the parties' Amended Proposed Order until his motion to correct error.[4] As neither party requested a hearing on their Agreed Proposed Order, the post-conviction court was free to approve the parties' agreement without a hearing if it appeared from all pleadings and other documents that there were no issues of material fact preluding such approval. P-CR R. 1(4)(g). And Gooden has pointed to no such issue of material fact. For example, Gooden has never even alleged—much less pointed to record evidence—that he did not know about and agree to his lawyer signing on his behalf both the amended PCR petition and the proposed agreed order.

[17] The pleadings conclusively showed that Gooden was entitled to no post-conviction relief other than that to which the parties agreed and which the court granted. And there was no issue of material fact precluding the post-conviction

---

[4] As we resolve this matter pursuant to the Post-Conviction Rules, we decline the State's invitation to analyze this case under the doctrine of "invited error."

court's approval and adoption of the parties' September 23, 2019, agreed proposed order without a hearing. The post-conviction court did not abuse its discretion in doing so and denying the motion to correct error.

[18] Affirmed.

Vaidik, J., and Baker, Sr. J., concur.